IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04CV1803-L |
| | § | |
| GARY M. KORNMAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636, and an order of the court in implementation thereof, the United States' Expedited Motion to Intervene and its Expedited Application for Stay of Proceedings, filed November 23, 2005, were referred to United States Magistrate Judge Wm. F. Sanderson, Jr. for hearing, if necessary, and determination. The magistrate judge, following a hearing, issued his order on December 20, 2005, granting the motion to intervene and denying the application to stay proceedings. Before the court is the Government's Emergency Appeal and Objections to Magistrate Judge Sanderson's Order Denying Application for Stay of Proceedings, filed January 5, 2006. Having considered the Government's appeal and its objections, as well as the magistrate judge's order, the record and applicable law, and for the reasons set forth herein, the court **overrules** the Government's objections and **affirms** the magistrate judge's order denying the Government's Expedited Application for Stay of Proceedings.[*]

---

[*]As neither party has objected to that portion of the magistrate judge's order granting the United States' Expedited Motion to Intervene, the court limits its analysis to the Government's Expedited Application for Stay of Proceedings.

**Memorandum Opinion and Order – Page 1**

I.      **Factual and Procedural Background**

      A.      **The Civil Case**

On August 18, 2004, the Securities and Exchange Commission ("SEC") filed this action against Defendant Gary M. Kornman ("Defendant" or "Kornman") alleging that he traded in securities for personal profit using material, nonpublic information that he learned during confidential tax-planning discussions with senior executives of publicly-traded companies (MiniMed, Inc. and Hollywood Casino Corporation), in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.    On November 8, 2004, Kornman filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).   On September 29, 2005, the court denied the motion to dismiss.   *See* Memorandum Opinion and Order (Sept. 29, 2005).  This case is set for trial on the court's four-week docket beginning August 7, 2006.

      B.      **The Criminal Case**

On November 16, 2005, a grand jury in the Northen District of Texas indicted Kornman for the same conduct that forms the basis of the SEC's civil complaint in this action.  *See United States of America v. Gary Kornman*, No. 3:05-CR-0298-P, In the United States District Court for the Northern District of Texas (Solis, J.).   The grand jury charged Kornman with two counts of securities fraud arising from his alleged insider trading by purchasing stock in MiniMed, Inc. and Hollywood Casino, Corp. on the basis of material nonpublic information learned by Kornman during meetings with Al Mann and Jack Pratt, senior executives of the two publicly-traded corporations. The grand jury also charged Kornman with making false statements to the SEC.  That case is

currently set for trial on February 6, 2006, although according to the Government's brief, the parties have requested a continuance of the criminal trial setting until June or July 2006.

## II.     Legal Standards

### A.        Standard of Review

A district court may modify or set aside a magistrate judge's ruling regarding nondispositive pretrial motions only if the ruling is "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) ("Section 636(b)(1)(A) specifically requires the district court to apply a 'clearly erroneous' standard when reviewing a magistrate judge's ruling on a nondispositive, pretrial motion[.]").  A district judge to whom a case is assigned shall consider objections filed within ten days of a magistrate judge's ruling.  The Government filed its objections to the magistrate judge's December 20, 2005 ruling on January 5, 2006.  The Government's objections are timely, as intermediate Saturdays, Sundays, and legal holidays are excluded when the time period is less than eleven days.  *See generally* Fed. R. Civ. P. 6.

The court notes that while the Government makes passing mention of the applicable standard of review set forth in Rule 72(a), the Government nonetheless asserts that the court should conduct a *de novo* review of the magistrate judge's order.  *See* Gov't Brief at 3 ("1. The Appropriate Standard of Review is *De Novo*.").   This court disagrees.

A district court conducts a *de novo* review when reviewing objections to a magistrate judge's findings and recommendations on a *dispositive* motion.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.

P. 72(b). The United States' Expedited Motion to Intervene and its Expedited Application for Stay of Proceedings, referred to the magistrate judge, are nondispositive motions. Accordingly, Rule 72(a) provides the applicable standard. In short, the court's inquiry is limited to whether the magistrate judge's order was clearly erroneous or contrary to law, and not, as the Government contends, whether the court would have reached a different decision than did the magistrate judge on the same facts.

### B.  Staying Civil Proceedings Pending Parallel Criminal Proceedings

Though a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding, "[s]uch a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983) (quoting *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. Oct.1981)). Moreover, in deciding whether to grant a request to stay the civil side of parallel civil/criminal proceedings:

> Judicial discretion and procedural flexibility should be [used] to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed.

*SEC v. Mutuals.com, Inc.*, 2004 WL 1629929 at *2 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (citing *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D.Miss.1997) (in turn quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962) (citation and internal quotation marks omitted)).

## III.  The Magistrate Judge's Order

The Government filed its Expedited Application for a Stay ("Application") after Kornman served document subpoenas on eleven third-parties. In support of its Application, the Government

argued that "a stay of the proceedings in this case is an appropriate exercise of the inherent authority of the Court to control the disposition of causes of action on its docket[.]"  Gov't Mem. at 1. According to the Government, an expedited stay was now required because Kornman, in addition to having noticed the deposition of a senior level executive at MiniMed, Inc. for August 12, 2005, "recently served document subpoenas on eleven third parties in this case in an attempt to obtain civil discovery that, if obtained, would also be of use to the defendant in the parallel criminal case." *Id.* The Government argued that it would likely be prejudiced "if the criminal defendant, who is also the defendant in this civil suit, were furnished with an opportunity to use the civil discovery process to, for instance, take depositions to obtain information learned through the government's criminal investigation or to obtain information that would otherwise not be available to him through the criminal discovery process." *Id.* at 3.  In response, Kornman contended, among other things, that the Government had failed to show that allowing Kornman to conduct civil discovery would "cause substantial and irreparable prejudice to the Government's criminal prosecution."  Kornman Resp. at 5.

Following a hearing, the magistrate judge denied the Government's Application, determining that "the Government has not met its burden of establishing 'substantial and irreparable prejudice' if a stay in the present action is not entered."  Order at 5.  In so ruling, the magistrate judge honed in on the limited scope of discovery sought by Kornman:

> As distinguished from discovery aimed at the efforts
> of SEC investigators, Defendant's discovery merely
> seeks records of third parties.  Therefore, if the
> records – which speak for themselves – are obtained,
> the government cannot show that this circumstance
> would cause it substantial and irreparable prejudice in
> its prosecution of the criminal case.  Similarly the
> depositions of Al Mann and Jack Pratt, if taken,

> would not prejudice the government's criminal
> prosecution.  Both are identified in the government's
> application for a warrant to search Defendant's
> residence.   The government has no monopoly on
> access to potential witnesses in a criminal case . . .
> [t]he individuals have at least been interviewed by the
> government.  Further, while a subpoena issued at the
> instance of either party in the criminal case for one or
> both of these individuals requiring their presence at
> trial has nationwide effects, the subpoena jurisdiction
> of the court in the present SEC case is considerably
> more circumscribed.  Finally, Defendant's counsel in
> the present action has no objection to the presence of
> the prosecutor at either civil deposition.

*Id.*  Finally, and very importantly, recognizing the possibility that future civil discovery propounded

by Kornman could present the type of circumstances or substantial and irreparable prejudice that

would necessitate a stay, the magistrate judge aptly pointed out that his "ruling is limited to the

discovery addressed in this order.  In the event that additional discovery is sought in this case, e.g.

discovery from SEC investigators, the government may again seek relief from the court."  *Id.* at 6

n.4.

## IV.     Government's Objections

The Government has filed three objections to the magistrate judge's order.  The court will

address each objection in turn.

First, the Government contends that the magistrate judge's order "impairs, rather than

promotes judicial economy," since any criminal conviction will operate as an estoppel in a civil

proceeding as to those issues that are determined in the criminal matter, and a denial of the stay

could lead to a multiplicity of trials, wasting scarce time and resources of the litigants as well as the

court.  *See* Objections at 3-5.  While the Government is certainly correct that a judge may, under

certain circumstances, stay a civil case pending parallel criminal proceedings, and that judicial

**Memorandum Opinion and Order – Page 6**

economy is a factor, this objection fails to take into account the legal standard in the Fifth Circuit

for staying a civil case pending parallel criminal proceedings, namely, that a party seeking a stay

must show "special circumstances" and the need to avoid "substantial and irreparable prejudice."

*Little Al*, 712 F.2d at 136 (citation omitted).  That a stay might ultimately serve judicial economy

at some undefined future point is not a "special circumstance."   Additionally, the Government's

arguments about the potential collateral estoppel effect of a criminal conviction rests on the dual

assumptions that the criminal case will proceed to trial first, and that Kornman will be convicted.

Such arguments are premature.  Accordingly, the court **overrules** the Government's first objection.

Second, the Government contends that the magistrate judge's order "erroneously permits

Kornman to obtain civil discovery for use in the criminal case, which will substantially and

irreparably prejudice the criminal prosecution."  *See* Objections at 5.   In support, the Government

points out the very limited discovery allowed under the Federal Rules of Criminal Procedure (as

contrasted with the Federal Rules of Civil Procedure).  Moreover, the Government reminds the court

that Fed. R. Crim. P. 16(a)(2) specifically provides that "it does not authorize the discovery or

inspection of statements made by prospective government witnesses except as provided in 18 U.S.C.

§ 3500."  *Id.* at 9.   Title 18 U.S.C. § 3500(a) (the Jencks Act) provides that "[i]n any criminal

prosecution brought by the United States, no statement or report in the possession of the United

States which was made by a Government witness or prospective Government witness (other than

the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has

testified on direct examination in the trial of the case."  The Government also references Fed. R.

Crim. P. 15, which limits the right to take depositions in a criminal case.

In a nutshell, the Government's second objection is that in light of the public policy against premature disclosure of the Government's criminal case, and the numerous cases staying discovery in a civil case pending parallel criminal proceedings, the magistrate judge erroneously failed to stay this civil case.   Having reviewed the Government's second objection, the court determines that the Government has failed to show that the magistrate judge's ruling was clearly erroneous or contrary to law.  It bears repeating at this juncture that whether this court would reach a different conclusion on the same facts is irrelevant.  Contrary to the Government's argument, a district court may modify or set aside a magistrate judge's ruling regarding nondispositive pretrial motions only if the ruling is "clearly erroneous or contrary to law."   *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Castillo*, 70 F.3d at 385.  The magistrate judge carefully considered the type of discovery sought by Kornman, namely, the document subpoenas on eleven third parties and the depositions of two senior level executives.  Noting the distinction between this limited discovery and potentially broader discovery which might merit a stay, the magistrate judge concluded that the Government had not met its burden of establishing "substantial and irreparable prejudice."

While the court is well aware of the parameters of the Jencks Act, Fed. R. Crim. P. 15 and 16, and the general proposition that litigants may not use civil discovery "as a dodge to avoid the restrictions on criminal discovery[,]" (*see Campbell*, 307 F.2d at 478), the Government has failed to sufficiently demonstrate that the magistrate judge's ruling was clearly erroneous or contrary to law.  Indeed, the Government's Objections do not even mention footnote four of the magistrate judge's ruling, wherein, recognizing the possibility that future civil discovery propounded by Kornman could present the type of circumstances or substantial and irreparable prejudice that would necessitate a stay, the magistrate judge stated that his "ruling is limited to the discovery addressed

**Memorandum Opinion and Order – Page 8**

in this order.  In the event that additional discovery is sought in this case, e.g.[,] discovery from SEC investigators, the government may again seek relief from the court."   Order at 6 n.4.  As the Government fails to show that the magistrate judge's decision was "clearly erroneous" or "contrary to law," the court **overrules** the Government's second objection.

As its final objection, the Government argues that the magistrate judge erred in effectively ruling that the Government had waived its request for a stay.  *See* Objections at 2.  The Government contends that the "order rests in part on Magistrate Judge Sanderson being 'disturbed' by the timing of the Government's motion."  *Id.* (citing Order at 2).  The magistrate judge expressed concern about the timing of the Government's motion to intervene, not the motion to stay.  *See* Order at 2-3.  As the magistrate judge granted the motion to intervene, the Government's objection to this portion of the magistrate judge's order is moot.  *See id.* at 4.  Accordingly, the court **overrules as moot** the Government's third objection.

In sum, the court **overrules** all of the Government's objections to the order of the magistrate judge, and affirms the December 20, 2005 decision of the magistrate judge denying the Government's Expedited Application for Stay of Proceedings.

## V.    Conclusion

For the reasons set forth above, the Government has failed to show that the magistrate judge's order was clearly erroneous or contrary to law.   Accordingly, the court **overrules** the

Government's objections and **affirms** the magistrate judge's order denying the Government's Expedited Application for Stay of Proceedings.

      **It is so ordered** this 18th day of January, 2006.

Sam A. Lindsay
United States District Judge