IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:04-CV-1803-L |
| GARY M. KORNMAN, | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Dismiss without Prejudice and for Stay of Discovery Pending Ruling on Dismissal and Brief in Support, filed May 5, 2006. Having carefully considered the motion, response, record and applicable law, the court **conditionally grants** Plaintiff's Motion to Dismiss without Prejudice and **denies as moot** Plaintiff's Motion for Stay of Discovery Pending Ruling on Dismissal.

**I.     Factual and Procedural Background**

**A.     The Civil Case**

On August 18, 2004, the Securities and Exchange Commission ("SEC") filed this action against Defendant Gary M. Kornman ("Defendant" or "Kornman") alleging that he traded in securities for personal profit using material, nonpublic information that he learned during confidential tax-planning discussions with senior executives of publicly-traded companies (MiniMed, Inc. and Hollywood Casino Corporation), in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. On November 8, 2004, Kornman filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P.

**Memorandum Opinion and Order – Page 1**

12(b)(6) and 9(b). On September 29, 2005, the court denied the motion to dismiss. *See* Memorandum Opinion and Order (Sept. 29, 2005).[1] This case is set for trial on the court's four-week docket beginning August 7, 2006.

### B. The Criminal Case

On November 16, 2005, a grand jury in the Northen District of Texas indicted Kornman for the same conduct that forms the basis of the SEC's civil complaint in this action. *See United States of America v. Gary Kornman*, No. 3:05-CR-0298-P, In the United States District Court for the Northern District of Texas (Solis, J.). The grand jury charged Kornman with two counts of securities fraud arising from his alleged insider trading by purchasing stock in MiniMed, Inc. and Hollywood Casino, Corp. on the basis of material nonpublic information learned by Kornman during meetings with Al Mann and Jack Pratt, senior executives of the two publicly-traded corporations. The grand jury also charged Kornman with making false statements to the SEC. That case is currently set for trial on October 16, 2006.

### C. The Magistrate Judge's Denial of United States's Expedited Application for Stay of Proceedings and the Court's Denial of Emergency Appeal and Objections to Magistrate Judge Sanderson's Order Denying Application for Stay of Proceedings

After Kornman served document subpoenas on eleven third-parties and stated his intent to notice certain depositions, the Government filed an Expedited Application for a Stay

---

[1] The court notes that both in its response to the Government's Motion to Stay and in its opposition to Plaintiff's motion to dismiss, Kornman states that this court, in its decision denying Kornman's motion to dismiss, "invited" Kornman to file a motion for summary judgment. *See, e.g.,* Kornman Resp. to Mot. to Dismiss at 8. What Kornman refers to as an "invitation" is quite simply the court acknowledging the state of the law. Otherwise stated, the court did not "invite" Kornman to file anything. Rather, in denying Kornman's motion to dismiss, the court merely recognized that, "[d]rawing all inferences and resolving all doubts in favor of the SEC, the court determines that under these allegations, the law imposed a duty on the part of Kornman to abstain from trading in securities based on this allegedly material, nonpublic information. Moreover, in close cases, the better practice is to let the complaint stand and consider the adequacy of proof at the summary judgment stage." *See* Mem. Op. & Ord. at 24.

**Memorandum Opinion and Order – Page 2**

("Application").  In support of its Application, the Government argued that "a stay of the proceedings in this case is an appropriate exercise of the inherent authority of the Court to control the disposition of causes of action on its docket[.]" Gov't Mem. at 1.  According to the Government, an expedited stay was then required because Kornman, in addition to having noticed the deposition of a senior level executive at MiniMed, Inc. for August 12, 2005, "recently served document subpoenas on eleven third parties in this case in an attempt to obtain civil discovery that, if obtained, would also be of use to the defendant in the parallel criminal case." *Id.*  The Government argued that it would likely be prejudiced "if the criminal defendant, who is also the defendant in this civil suit, were furnished with an opportunity to use the civil discovery process to, for instance, take depositions to obtain information learned through the government's criminal investigation or to obtain information that would otherwise not be available to him through the criminal discovery process." *Id.* at 3.  In response, Kornman contended, among other things, that the Government had failed to show that allowing Kornman to conduct civil discovery would "cause substantial and irreparable prejudice to the Government's criminal prosecution." Kornman Resp. to Gov't Mot. to Stay Proceedings at 5.

Pursuant to 28 U.S.C. § 636, and an order of the court in implementation thereof, the United States' Expedited Motion to Intervene and its Expedited Application for Stay of Proceedings, filed November 23, 2005, were referred to United States Magistrate Judge Wm. F. Sanderson, Jr. for hearing, if necessary, and determination. The magistrate judge, following a hearing, issued his order on December 20, 2005, granting the motion to intervene and denying the application to stay proceedings.  With regard to the application to stay proceedings, the magistrate judge determined that "the Government has not met its burden of establishing 'substantial and irreparable prejudice'

if a stay in the present action is not entered." *See* Order at 5. In so ruling, the magistrate judge honed in on the limited scope of discovery sought by Kornman:

> As distinguished from discovery aimed at the efforts of SEC investigators, Defendant's discovery merely seeks records of third parties. Therefore, if the records – which speak for themselves – are obtained, the government cannot show that this circumstance would cause it substantial and irreparable prejudice in its prosecution of the criminal case. Similarly the depositions of Al Mann and Jack Pratt, if taken, would not prejudice the government's criminal prosecution. Both are identified in the government's application for a warrant to search Defendant's residence. The government has no monopoly on access to potential witnesses in a criminal case . . . [t]he individuals have at least been interviewed by the government. Further, while a subpoena issued at the instance of either party in the criminal case for one or both of these individuals requiring their presence at trial has nationwide effects, the subpoena jurisdiction of the court in the present SEC case is considerably more circumscribed. Finally, Defendant's counsel in the present action has no objection to the presence of the prosecutor at either civil deposition.

*Id.* The magistrate judge also pointed out that his "ruling is limited to the discovery addressed in this order. In the event that additional discovery is sought in this case, [for example,] discovery from SEC investigators, the government may again seek relief from the court." *Id.* at 6 n.4.

The Government then filed an Emergency Appeal and Objections to Magistrate Judge Sanderson's Order Denying Application for Stay of Proceedings on January 5, 2006. This court overruled the Government's objections and affirmed the magistrate judge's order denying the Government's Expedited Application for Stay of Proceedings. In overruling the Government's objections, the court stated:

> The magistrate judge carefully considered the type of discovery sought by Kornman, namely, the document subpoenas on eleven third parties and the depositions of two senior level executives. Noting the distinction between this limited discovery and potentially broader discovery which might merit a stay, the magistrate judge concluded

**Memorandum Opinion and Order – Page 4**

>     that the Government had not met its burden of establishing
>     "substantial and irreparable prejudice."

*See* Mem. Op. & Ord. at 8.

## II.  Analysis

The SEC has filed a motion to dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The court will review the legal standard under Rule 41(a)(2) and then address the parties' arguments.

### A.  Legal Standard Under Fed. R. Civ. P. 41(a)(2)

Because Kornman filed an answer to the SEC's Complaint before the SEC filed its motion to dismiss, the motion is governed by Rule 41(a)(2), which provides that, except as permitted by Rule 41(a)(1), a district court shall not dismiss an action at the plaintiff's instance "save upon order of the court and upon such terms and conditions as the court deems proper." *See* Fed. R. Civ. P. 41(a)(2); *see generally Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202 (N.D.Tex.1988) (Fitzwater, J.) (same). Rule 41(a)(2) freely permits a plaintiff, with court approval, to dismiss an action voluntarily provided that no other party will be prejudiced. *Id.* (citing *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976)). To prevent the defendant from being unfairly prejudiced by a dismissal without prejudice, the court can attach conditions to the order of dismissal. *Id.* (citing *LeCompte,* 528 F.2d at 604). "In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant. If a dismissal would unfairly prejudice the defendant, then the plaintiff's motion to dismiss should be denied." *American Telnet, Inc. v. GTE Corp.*, 1999 WL 362759, at *3 (N.D. Tex. June 3, 1999) (Fitzwater, J.) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.1985)). "[T]he court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte,* 528 F.2d at

**Memorandum Opinion and Order – Page 5**

604. The defendant must demonstrate some legal prejudice other than the mere prospect of a second law suit. *Radiant,* 122 F.R.D. at 203 (citing *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967)).  "It is no bar to dismissal that plaintiff may gain some tactical advantage thereby." *Id.*

### B.     Discussion

In support of its motion to dismiss without prejudice, the SEC contends that this case should be dismissed since "Defendant is attempting to use discovery in our case–principally, depositions of key government witnesses–to circumvent the limitations on criminal discovery."  *See* SEC Mot. at 1.  The SEC further notes that the "United States Attorneys Office ("USAO") intervened and moved to stay our civil enforcement action, but the court denied the motion.  Thus, Kornman is currently free to seek far-reaching civil discovery in an effort to thwart the USAO's criminal prosecution."  *Id.*  In opposition, Kornman argues that the SEC's motion is "a cynical and strategic move designed to thwart this Court's ruling and Mr. Kornman's legitimate rights to defend himself . . . This court should not condone such game playing by the Government."  *See* Kornman Resp. to Mot. to Dismiss at 1.  Kornman contends that the court should dismiss the case with prejudice, or if the court dismisses the case without prejudice, condition such dismissal upon allowing Kornman to "complete discovery necessary to protect his rights should the SEC later re-file this case." *Id.* at 3.

The court agrees with the SEC that dismissal without prejudice is appropriate under Rule 41(a)(2).  The mere prospect of a second suit against Kornman is not sufficient prejudice. *See Radiant,* 122 F.R.D. at 203.  Moreover, Kornman's argument that the court should dismiss this case with prejudice, where Plaintiff has not so moved, is unsupported.

**Memorandum Opinion and Order – Page 6**

The court now considers the conditions for such dismissal without prejudice. The court should "impos[e] any conditions necessary to eliminate harm to the defendant." *See id.* (citing *LeCompte*, 528 F.2d at 604-05). In evaluating appropriate conditions for dismissal, the court considers "the defendant's effort and expense in preparing for trial and whether there have been excessive delays or a lack of diligence on the part of the plaintiff in prosecuting the case." The conditions that are appropriate depend "upon the circumstances of a particular case and the variety of factors found to be pertinent." *Id.*

In this case, the court agrees with Defendant that the SEC's motion to dismiss is an attempt to circumvent the magistrate judge's denial of the Government's Expedited Application for Stay of Proceedings and the court's denial of the Government's Emergency Appeal and Objections to Magistrate Judge Sanderson's Order Denying Application for Stay of Proceedings.  The SEC is making the *identical* argument in support of its motion to dismiss that the USAO, after intervening in this case, made in arguing that the court should stay all proceedings, that is, that Kornman is attempting to use discovery in the civil case, principally, depositions of key government witnesses, to circumvent the limitations on criminal discovery. Both the magistrate judge and this court already laid this argument to rest.  The court is not pleased with this apparent legal legerdemain.  The SEC is attempting to "have its cake, and eat it too."  The SEC cannot have it both ways.  Were the court to accept the SEC's position, it would be denying Kornman the relief the court and the magistrate judge already allowed him, that is, to permit him to take certain limited discovery to defend himself against the SEC's allegations in this civil enforcement action.  The court notes that this case could have been simply resolved by the SEC moving to dismiss this case with prejudice.  Instead, the SEC

**Memorandum Opinion and Order – Page 7**

wants to hold open the probability that it will refile this case at some undefined point in the future.[2] The problem with this approach is that, absent the conditions imposed today by the court today, Kornman will be substantially prejudiced, as he will be denied access to relevant discovery already authorized by the court; and memories of witnesses and deponents, of course, fade as time passes.

The court will not countenance this gamesmanship that would thwart its prior lawful rulings. Though the court will grant the SEC's motion and dismiss this case without prejudice, the court does do so conditionally. The court will not undercut its prior rulings, and rejects the SEC's attempt to truncate Kornman's legitimate right to defend himself in this civil action consistent with this court's prior rulings. Accordingly, the court now considers the appropriate conditions to the dismissal of this case, such that Kornman will not be prejudiced should the SEC choose to refile this civil enforcement action.

In light of its prior rulings, the court agrees with Kornman that dismissal without prejudice should be conditioned on the requirement that Kornman be permitted to complete discovery already initiated in this case, namely (1) the depositions of Al Mann and Jack Pratt, which were already noticed and scheduled to be taken immediately before the Government filed its motion to dismiss; and (2) the production of documents from third parties from subpoenas already issued by Kornman. Only by conditioning dismissal in this manner will Kornman be protected from legal prejudice.[3]

### III.  Conclusion

---

[2] In light of the SEC's aggressive approach in handling this civil action and the Government's intervention, it is virtually inconceivable that the SEC would not refile this case after the conclusion of the criminal case, or once it was "safe to do so" in the eyes of SEC.

[3] The court, however, will not allow Kornman to initiate any new discovery, as the conditions imposed herein are adequate to protect his rights.

For the reasons set forth above, the court **conditionally grants** Plaintiff's Motion to Dismiss without Prejudice. Entry of a final order of dismissal, however, will be **held in abeyance** until the following discovery, already initiated by Kornman in this civil action, is completed: (1) the depositions of Al Mann and Jack Pratt, which were already noticed and scheduled to be taken immediately before the Government filed its motion to dismiss; and (2) the production of documents from third parties from subpoenas already issued by Kornman. Once this discovery is completed, the court will issue a final order dismissing the case in its entirety without prejudice. In this vein, the court **directs** Kornman to advise the court when this discovery is completed. Finally, the court **denies as moot** Plaintiff's Motion for Stay of Discovery Pending Ruling on Dismissal.

In light of the court's ruling, there appears to be no further reason at this time to maintain the file as an open one for statistical purposes. The United States District Clerk is therefore **instructed** to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records and administratively closing it.

**It is so ordered** this 31st day of May, 2006.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge